UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIFFANY BURLESON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. __1:16-cv-00020_____ |
| | § | |
| STANDARD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant | § | |

## NOTICE OF REMOVAL

Defendant Standard Insurance Company ("Standard"), for the purpose only of removing this cause to the United States District Court for the Western District of Texas, Austin Division, states:

**1.  State Court Action.**  Plaintiff Tiffany Burleson ("Burleson") filed an action in the 26th Judicial District Court of Williamson County, Texas, Cause No. 15-1094-C26, on November 5, 2015.  Burleson asserts claims against Standard for breach of contract, violations of the Texas Insurance Code, and for a declaratory judgment based on the denial of benefits under a long-term disability insurance policy issued by Standard.

**2.  Diversity of Citizenship.**  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Burleson was a citizen and resident of the state of Texas at the time this action was filed and remains a citizen and resident of Texas as of the date of this removal.  Standard is an Oregon corporation with its principal office and place of business in Portland, Oregon.  Accordingly, Standard was a citizen and resident of Oregon at the time this action was filed and remains a citizen and resident of Oregon as

of the date of this removal.  Accordingly, complete diversity of citizenship exists between Burleson, on the one hand, and Standard, on the other hand.

    **3.**    <u>**Amount in Controversy.**</u>  Further, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  [Petition pp. 4-5.]  Burleson seeks to recover as damages "$26,747.21 in back benefits."  [Petition p. 5.]  Burleson also seeks "her damages plus treble damages, plus attorney's fees, and interest."  [Petition p. 4.]  Because Burleson also seeks a declaration she is entitled to benefits in the future, the amount in controversy is clearly satisfied, but even if the injury were limited to accrued benefits to date, the amount in controversy still exceeds the jurisdictional minimum.  *See Dow Agroscience L.L.C. v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under DTPA, plus attorneys' fees, meets the $75,000.00 jurisdictional threshold), *vacated on other grounds*, 544 U.S. 531 (2005); *St. Paul Reinsurance Co. v Greenberg*, 134 F.3d 1250; *Graham v. Henegar*, 640 F.2d 732, 735-36 n.9 (5th Cir. 1981) (attorneys' fees must be included in calculating amount in controversy); *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 212-213 (E.D. Tex. 1996).  All told, the amount in controversy is met.

    **4.**    <u>**Removal is Proper.**</u>  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this action is between citizens of different states.  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441.  In addition, removal is timely under 28 U.S.C. § 1446(b) as Standard was served with process on December 15, 2015, which was

the first time that Standard received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

      **5.**     **State Court Documents Attached.** A copy of the state court docket sheet and all documents filed in the state court action, separately attached and arranged in chronological order, are attached as Exhibit A. These documents constitute the only pleadings, process, or orders filed in the state court or received by Standard. A list of the parties and counsel is attached as Exhibit B. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

Standard respectfully requests that the United States District Court for the Western District of Texas, Austin Division, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

        Respectfully submitted,

By:  <u>s/ Ryan K. McComber</u>
     Ryan K. McComber
     State Bar No. 24041428

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel:  (214) 939-2000
Fax:  (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested on this 13th day of January, 2016.

  <u>s/Ryan K. McComber</u>
Ryan K. McComber